IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAFAEL ISMAEL NIETO-VICENTY, *et al.*, <br><br> **Plaintiffs**, <br><br> **v.** <br><br> RONALD JOSE VALLEDOR, *et al.* <br><br> **Defendants**. | **Civil No.** 12-1585 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge

Before the Court is defendant Jose A. Valledor and his conjugal partnership's motion for partial summary judgment. (Docket No. 50.) For the reasons that follow, at this time the Court **DENIES** defendant's motion for partial summary judgment.[1]

**I. Background**

On July 20, 2012, twenty-eight plaintiffs filed a complaint in admiralty and maritime jurisdiction against thirteen defendants, including Jose A. Valledor and his conjugal partnership (hereinafter collectively referred to as "the Valledors"), alleging injuries caused by a malfunctioning vessel. (Docket No. 1.) This Court has admiralty and maritime jurisdiction over plaintiffs'

---

[1] Because the motion for summary judgment is denied as prematurely filed, defendants are invited to refile summary judgment motions **no later than April 7, 2014,** once discovery has been completed **no later than February 7, 2014,** as set forth in the Case Management Order. (Docket No. 20.) No extensions will be allowed.

Civil No. 12-1585 (FAB)                                                2

claims pursuant to 28 U.S.C. § 1333.  The complaint alleges that the vessel at issue was owned by Zurqui, Inc., which was in turn a corporate *alter ego* for the Valledors.  (Docket No. 1 at p. 13.) The Court entered a case management order on February 11, 2013, specifying that September 6, 2013 was the deadline for filing motions to dismiss or judgment on the pleadings and April 7, 2014 was the deadline for filing motions for summary judgment.  (Docket No. 20 at p. 9.)  On April 26, 2013, the parties filed a joint case management memorandum, noting that depositions of the defendants were scheduled to be taken in August, September, and October of 2013.  (Docket No. 43 at pp. 4-5.)  The discovery cut off date is February 7, 2014.  (Docket No. 20.)

On June 6, 2013, the Valledors filed a motion for partial summary judgment, a memorandum of law in its support, and a statement of uncontested material facts.  (Docket Nos. 50, 51, & 52.)  The crux of the Valledors' summary judgment argument is that plaintiffs cannot show a genuine issue of material fact regarding the corporate identity of Zurqui, Inc., and summary judgment is accordingly warranted for the Valledors.  Plaintiffs filed their opposition and reply statement of opposing facts on June 25, 2013. (Docket Nos. 59 & 60.)  Plaintiffs contend that the motion for summary judgment was filed prematurely and that they have not had a fair chance to obtain necessary evidence to support their claims. (Docket No. 59 at p. 7.)

Civil No. 12-1585 (FAB)                                                      3

**II.  Discussion**

   **1.   Summary Judgment Standard**

        The Court may grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is "material" if it has the potential to "affect the outcome of the suit under the governing law."  Id.  A dispute is "genuine" when it could be resolved in favor of either party."  Calero-Cerezo v. U.S. Dep't. of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

        The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party must demonstrate it through definite and competent evidence.  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  It must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" which support its motion. Id. (citing Fed. R. Civ. P. 56(c)).  If the movant supports its motion by demonstrating "that the non-moving party will be unable to carry its burden of persuasion at trial," the non-moving party must have first been afforded an "adequate opportunity to discover material facts

Civil No. 12-1585 (FAB)                                                    4
_____

supporting its claim." Carmona v. Toledo, 215 F.3d 124, 133 (1st Cir. 2000.)

### 2.  **Federal Common Law of Corporate Veil Piercing**

Because this case involves the malfunction of a vessel on navigable waters, it falls within the Court's admiralty jurisdiction. Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 206 (1996); 28 U.S.C. § 1333. Federal courts sitting in admiralty must apply federal common law when examining corporate identity. See Vitol, S.A. v. Primerose Shipping Co. Ltd., 708 F.3d 527, 543-44 (4th Cir. 2013); Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 342 (2d Cir. 1986); Talen's Landing, Inc. v. M/V Venture II, 656 F.2d 1157 (5th Cir. 1981). See also Brotherhood of Locomotive Eng'rs. v. Springfield Terminal Ry. Co., 210 F.3d 18, 25-26 (1st Cir. 2000) (finding that federal choice of law principles require application of the federal common law rules of decision in federal question cases where the statute in question demands national uniformity.) The federal standard "for when it is proper to pierce the corporate veil is notably imprecise and fact-intensive." Crane v. Green & Freedman Baking Co., 134 F.3d 17, 21 (1st Cir. 1998). The First Circuit Court of Appeals, along with other circuit courts of appeals, has "considered the specific legislative policies at issue and whether piercing the corporate veil is necessary to further those policies." Brotherhood of Locomotive Eng'rs., 210 F.3d at 27. Factors to be considered in

Civil No. 12-1585 (FAB)                                                 5

determining whether to pierce the corporate veil include (1) inadequate capitalization, (2) extensive control by shareholders, (3) intermingling of the corporation's properties with those of its owner, (4) failure to observe corporate formalities and separateness, (5) siphoning of funds from the corporation, (6) absence of corporate records, and (7) non-functioning officers or directors.  In re Achushnet River & New Bedford Harbor Proceedings Re Alleged PCB Pollution, 675 F. Supp. 22, 33 (D. Mass. 1987) (citing Anderson v. Abott, 321 U.S. 349, 362 (1944)).  At the core of this determination is the question of whether imposing liability would achieve an equitable result.  See InterGen N.V. v. Grina, 344 F.3d 134 (1st Cir. 2003).

   3.   **Analysis**

        The crux of the Valledors' summary judgment argument is that plaintiffs cannot show a genuine issue of material fact regarding the corporate identity of Zurqui, Inc., and summary judgment is accordingly warranted for the Valledors.  (Docket No. 51.)  Plaintiffs concede that their theory of personal liability for the Valledors hinges on a showing of corporate *alter ego*, and that they are unable to make a showing sufficient to

Civil No. 12-1585 (FAB)                                                6

survive summary judgment at this stage of the proceedings.  (Docket No. 59 at p. 5.)[2]

The Court agrees with plaintiffs and finds that it is premature to conclude that the gaps in plaintiffs' evidence regarding corporate *alter ego* "necessarily demonstrate plaintiffs' inability to establish an issue of material fact" as to the Valledors' personal liability.  Carmona, 215 F.3d at 133.  Because defendants' motion for summary judgment was filed prematurely, plaintiffs have not had adequate opportunity to discover evidence relevant to a showing of corporate *alter ego*.  Accordingly, rather than make a premature finding regarding the Valledors' personal liability, the Court **DENIES** defendants' current motion for summary judgment and invites defendants to refile summary judgment motions on this issue once discovery has been completed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 5, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE

---

[2] The only evidence plaintiffs offer to support a finding of corporate *alter ego* is a statement made by Jose. A. Valledor to the Coast Guards responding to the vessel's distress signal.  (Docket No. 59-1.)  This evidence alone would not suffice to create a genuine issue of material fact regarding corporate identity.