IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAFAEL ISMAEL NIETO-VICENTY, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>RONALD JOSE VALLEDOR, *et al.*,<br><br>**Defendants**. | Civil No. 12-1585 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge

Before the Court is defendant Lexington Insurance Company's ("Lexington") motion to dismiss the complaint and cross-claim against it. (Docket No. 66.) Having considered that motion, and plaintiffs' and cross-plaintiff's oppositions, (Docket Nos. 67, 68, & 71), the Court **GRANTS** Lexington's motion to dismiss. Accordingly, the parties' pending motions in compliance regarding Lexington's status as a party, (Docket Nos. 61, 62, 63, 64 & 65), are **MOOT**.

I.  **Background**

On July 20, 2012, twenty-eight plaintiffs filed a complaint in admiralty and maritime jurisdiction against thirteen defendants,[1] including Lexington, alleging injuries resulting from the sinking

---

[1] This Court has admiralty and maritime jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1333.

Civil No. 12-1585 (FAB)                                                2

of the M/V Sea Watch on July 24, 2011. (Docket No. 1.) The complaint alleges that the vessel at issue was owned by Zurqui, Inc. ("Zurqui"), which in turn had a marine insurance policy with Lexington. (Docket No. 1 at p. 7.) Specifically, plaintiffs alleged that Lexington "had issued and in force a policy of marine insurance to ZURQUI covering [the Sea Watch] . . . providing Property and Liability Insurance and is jointly and severally liable to the Plaintiffs as a matter of law . . . ." (Docket No. 1 at ¶ 27.)

On March 11, 2013, co-defendant Palmas del Mar Yacht Club and Marina ("PDMYC") filed a cross-claim against the defendants, including Lexington, seeking indemnification and contribution from the defendants should a judgment be entered against PDMYC. (Docket No. 34). The allegations in PDMYC's claim against Lexington state:

> To the extent that the policy of insurance issued by Lexington covers the losses alleged by the plaintiffs, then Lexington is liable also to PDMYC, or the plaintiffs directly, under the Puerto Rico direct action statute, 26 L.P.R.A. §§ 2001 and 2003, for any judgment or moneys paid by PDMYC in the above captioned action.

(Docket No. 34 at ¶ 15.)

On September 1, 2011, prior to the filing of the complaint, Lexington filed a declaratory judgment action against Zurqui seeking a judgment that Zurqui breached one or more warranties of its policy, voiding the policy coverage for the incident on July 24, 2011. (Case number 11-cv-01862, Docket No. 1.) Pursuant to a consent decree, a judgment was entered by Judge Carmen

Civil No. 12-1585 (FAB)                                                    3

Consuelo Cerezo on June 13, 2013 declaring that Zurqui's breach of the passenger limitation warranty relieved Lexington from providing coverage for the maritime insurance claim.  (Docket No. 53.)

Lexington filed a motion to dismiss on September 5, 2013. (Docket No. 66.)  PDMYC filed an opposition on September 18, 2013, (Docket No. 67), and the plaintiffs filed an opposition adopting PDMYC's opposition on September 22, 2013, (Docket No. 68). Lexington filed a consolidated reply on September 30, 2013. (Docket No. 71.)  No other remaining defendant - including defendant Zurqui - filed a response to Lexington's motion to dismiss.

**II.  Legal Analysis**

**A.   Rule 12(b)(6) Standard**

"The question confronting a court on a motion to dismiss is whether *all* the facts alleged, when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011) (internal citations omitted) (emphasis in original).  Plaintiffs faced with a motion to dismiss cannot "'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Id. at 12.  A court must treat any non-conclusory factual allegations in the complaint as true, "even if seemingly incredible." Id.  In ruling on such a motion, the Court may consider "(a) 'implications from documents' attached

Civil No. 12-1585 (FAB)                                                4

to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-6 (1st Cir. 2012) (citing Arturet-Velez v. R.J. Reynolds Tobaccos Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)); see also Field v. Trump, 850 F.2d 938, 949 (2d Cir. 1988) (considering documents that were annexed to defendants' motion to dismiss and integral to plaintiff's claims). A court's review on a a motion to dismiss is limited to the allegations contained in complaint itself. Glaros v. Perse, 628 F.2d 679, 681 (1st Cir. 1980).

       Lexington asks the Court to consider documents pertaining to Zurqui's maritime insurance policy because they were integral to the plaintiffs' claims against Lexington and referenced in the complaint. (Docket Nos. 66 & 66-1.) The Court agrees that the insurance policy documents attached to Lexington's motion to dismiss can be considered without converting the motion into one for summary judgment. "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (internal citation omitted).

       Lexington argues that the complaint and cross-claim against it should be dismissed because Zurqui violated one or more

Civil No. 12-1585 (FAB)                                                         5

warranties in its insurance policy with Lexington, voiding its insurance coverage for the incident in question.

**B.   Maritime Insurance Law**

Lexington contends that the policy contains two promissory warranties — (1) the passenger limitation warranty and (2) the compliance warranty — and that a violation of either warranty by the insured Zurqui would void the insurance policy's coverage for the incident in question.  (Docket No. 66.)  PDMYC and the plaintiffs do not contest that the warranties at issue are promissory, but rather argue, incorrectly, that Puerto Rico law governs the maritime insurance issues in this case.  (Docket No. 67 at pp. 3-4.)

The First Circuit Court of Appeals has determined that federal law governs maritime insurance contract issues, and "that a breach of a promissory warranty in a maritime insurance contract excuses the insurer from coverage."  Lloyd's of London v. Pagan-Sanchez, 539 F.3d 19, 24-6 (1st Cir. 2008) (applying the Supreme Court's choice of law analysis in Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14 (2004)).  Federal maritime law defines a warranty as a "promise 'by which the assured undertakes that some particular thing shall or shall not be done, or that some condition shall be fulfilled, or whereby he affirms or negatives the existence of a particular state of facts.'"  Commercial Union Ins. Co. v. Flagship Marine Serv., Inc., 190 F.3d 26, 31 (2d Cir. 1999) (citing Leslie

Civil No. 12-1585 (FAB)                                                6

J. Buglass, <u>Marine Ins. & Gen. Average in the U.S.</u> 27 (2d ed. 1981)).

Lexington's policy contains a section that states: "PASSENGER LIMITATION WARRANTY:  Warranted by You that the number of Passengers on board shall not exceed the number stated on the Declaration Page at any one time excluding Captain and/or Crewmember(s)."  (Docket No. 66-1 at p. 13.)  The next section in the policy states:

> COMPLIANCE WARRANTY: Warranted by You that all necessary licenses, permits and certificates pertaining to the use and operation of the Vessel remain in full force and effect throughout the period of this policy. You further warrant that during all such times You will comply with all laws, rules and regulations that apply to the use(s) to which You employ the Vessel.

<u>Id.</u>  The policy defines "warranty" as follows:

> "Warranty" is a term of the policy whereby the Insured Person undertakes to do or not do something or to fulfill some condition, or by which a Warranty exists as to a particular state of fact.  If the Insured Person does not strictly comply with the terms of a Warranty, cover under this policy does not exist and any loss that occurs at that time or thereafter will not be paid.

<u>Id.</u> at pp. 3-4.  Lexington's certificate of insurance for the policy states, in the "Liability Insurance" section, "Maximum Number of Passengers:  6."  <u>Id.</u> at p. 1.

Because the warranties, in their effect and by policy definition, constitute "promise[s] 'by which the assured undertakes

Civil No. 12-1585 (FAB)                                                 7

that some particular thing shall or shall not be done,'" Commercial Union Ins. Co., 190 F.3d at 31, the Court finds that they are promisory warranties.  Pursuant to federal maritime insurance law, a finding that the insured violated one or both of these warranties during the time in question would void the policy's coverage.

        The complaint and the cross-claim premise Lexington's liability on its insurance policy with Zurqui.  (Docket Nos. 1 at ¶ 27; 34 at ¶ 15.)  Both the plaintiffs' complaint and PDMYC's cross-claim allege that the Sea Watch was carrying more than six passengers during the incident upon which the complaint is based. (Docket Nos. 1 at ¶ 59; 34 at ¶ 2.)  This allegation, not disputed by any of the parties, would constitute a violation of the passenger limitation warranty of Zurqui's insurance policy with Lexington.  PDMYC contends that there are unresolved issues of fact regarding the nature of the trip, cites Puerto Rico law in support of this argument, and points to evidence outside of the complaint or integral documents.  (Docket No. 67.)  These arguments are unavailing; PDMYC invokes improper legal standards and asks the Court to consider evidence that cannot properly be considered at the motion to dismiss stage.  Accepting the factual allegations contained in the complaint as true, plaintiffs fail to state a

Civil No. 12-1585 (FAB)                                                8

claim for relief against Lexington due to the breach of the passenger limitation warranty.[2]

### III. Conclusion

For the reasons stated above, the complaint and cross-claim do not state a plausible claim for relief against Lexington. Lexington's motion to dismiss is **GRANTED** and Lexington is **DISMISSED** as a defendant in this case.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 12, 2013.

                                              s/ Francisco A. Besosa
                                              FRANCISCO A. BESOSA
                                              UNITED STATES DISTRICT JUDGE

---

[2] The Court is not persuaded by Lexington's argument that the compliance warranty provides an independent ground for dismissal. The factual allegations in the complaint and cross-claim do not establish that this warranty was violated.  Rather, they raise an issue regarding the nature of the trip - commercial or private. Because dismissal is premised on the passenger limitation warranty, the Court need not rule on Lexington's second proposed ground for dismissal.